[No. 18376.   Department One.   May 12, 1924.]

J. D. MEIKLE, *as Receiver etc., Appellant,* v. WENATCHEE
NORTH CENTRAL FRUIT DISTRIBUTORS *et al.,*
*Respondents.*[1]

CORPORATIONS (92)—SUBSCRIPTION TO STOCK—LIABILITY OF NON-
STOCK COMPANIES—MEMBERSHIP CONTRACT.   The members of a non-
stock corporation for the marketing of farm products organized
under Rem. Comp. Stat., §§ 3888-3900, with the powers granted by
§§ 3893, 3894, have only such financial liability as is imposed by
their membership contracts.

Appeal from a judgment of the superior court for
Chelan county, Grimshaw, J., entered August 27, 1923,
upon findings in favor of the defendants, dismissing
an action by a receiver to collect assessments levied
against an insolvent corporation, tried to the court.
Affirmed.

*Charles P. Lund* and *Fabian B. Dodds,* for appel-
lant.

*Crollard & Steiner,* for respondents.

PARKER, J.—The plaintiff, as receiver for the North
Pacific Fruit Distributors, a corporation of Spokane,
seeks recovery from the defendant Wenatchee North
Central Fruit Distributors, a corporation of Wen-
atchee, upon the theory that the Wenatchee corpora-
tion is indebted to the Spokane corporation upon its
membership obligation to that corporation.   In view of
our conclusion upon this question the plaintiff's claim
of recovery against other defendants becomes of no
consequence in our present inquiry.   A trial upon the
merits in the superior court for Chelan county resulted
in findings and judgment denying to the plaintiff any
recovery, from which he has appealed to this court.

[1]Reported in 225 Pac. 819.

The controlling facts are not in dispute and may be summarized from the findings and the record before us, as follows: These corporations are both organized and existing under §§ 3888-3900, inclusive, Rem. Comp. Stat. [P. C. § 4698 *et seq.*], as corporations not formed for profit, as contemplated by the provisions of that statute. Neither has any capital stock, and neither carries on business for profit. The members of the Spokane corporation are the Wenatchee corporation and several other similar corporations. The members of the Wenatchee corporation are certain individuals including some of the defendants in this action, though, as we have already noticed, this becomes of no consequence in our present inquiry. The purpose for which the Spokane corporation was formed is correctly summarized in the court's findings from its articles of incorporation, as follows:

"To organize a central selling agency through which fruit growers in Washington, Oregon, Idaho and Montana could market their fruits in the most economical manner, and to act as their agent in so doing.

"To supervise the establishment of uniform grades, to own property, to borrow money, and to assist its members by way of loans, etc.

"This was intended to promote co-operation among those interested in growing and marketing the horticultural products of the northwestern states, and was for mutual protection and benefit."

In October, 1918, the Umpqua Valley Fruit Union, a corporation (not a member of the Spokane corporation), recovered a money judgment in the superior court for Spokane county against the Spokane corporation in the sum of $1,954 as damages for its negligent handling of a shipment of fruit for that union. Thereafter execution was issued upon that judgment and returned wholly unsatisfied. Thereafter an action was commenced in the superior court for Spokane

county by the Umpqua Valley Fruit Union seeking the
appointment of a receiver for the Spokane corpora-
tion, to the end that such receiver might collect and
subject its assets to the satisfaction of claims of its
creditors, including the judgment claim of the Umpqua
Valley Fruit Union. A judgment was accordingly
rendered in that action appointing appellant such re-
ceiver. On the same day, immediately following the
rendering of the judgment appointing appellant re-
ceiver in that action, the court entered therein its order
reading in part as follows:

"That the receiver levy an assessment of $3,778.65
against the following firms and individuals, constituent
members of said North Pacific Fruit Distributors, giv-
ing ten days notice thereof, and if payment is not made
at the end of said ten days the receiver is hereby au-
thorized to commence the proper suit or proceedings
against them, or any of them, for the collection of said
assessment to-wit: Against Wenatchee North Central
Fruit Distributors, . . ."

This order was *ex parte* as to the Wenatchee corpo-
ration and all others against whom such assessment
was assumed to be levied. In other words, that order
amounted to nothing more than an authorization of
the receiver to bring an action against the several
persons and corporations therein named, seeking re-
covery upon their alleged membership obligations.
Appellant, as receiver, having made demand accord-
ingly upon each of the corporations and persons so
assumed to be assessed, and no payments being made
in response thereto, he commenced this action in the
superior court for Chelan county, seeking recovery
against the Wenatchee corporation and certain of the
other corporations and persons named in the assess-
ment order above quoted from. Thereafter the cause

came on for trial, resulting in judgment denying recovery, as we have already noticed.

During all the times in question the Wenatchee corporation was a member of the Spokane corporation under a contract of membership which, we are warranted in assuming, was a contract of membership in compliance with the by-laws of the Spokane corporation. That contract is not before us, but the by-laws are before us, and we are warranted, as the trial court was, in determining its terms by reference to the by-laws; it being manifestly made as the by-laws require. So determined, it seems plain that that contract of membership was in substance as follows: In so far as any financial obligation might arise in favor of the Spokane corporation against the Wenatchee corporation by reason of such membership, the Wenatchee corporation, as other members, agreed to become responsible for and pay the expenses of conducting the business and affairs of the Spokane corporation in the proportion that the fruit which such member should have for marketing in car lots during any crop year should bear to the total tonnage marketed by the Spokane corporation during any such year. The Spokane corporation was authorized to incur such expenses as might be necessary in marketing the fruit of its members, and such other outlays as might be authorized by the board of trustees incident thereto, including the establishment of a surplus fund; all of these expenses to be pro rated among the members in proportion to the tonnage marketed by them through the Spokane corporation. The membership contract, in so far as it looked to the charging of a financial obligation of any nature against the member, plainly evidences the intent that all such obligations for whatever purpose imposed upon the member shall be imposed upon each member in pro-

portion as we have above indicated and not otherwise. There is no provision in the articles of incorporation of the Spokane company, nor in the by-laws of that company, imposing any financial liability whatever on the members, other than those which we have above summarized. There is no proof whatever in this case of the amount of tonnage, if any, ever handled by the Spokane corporation for the Wenatchee corporation; nor is there any proof of the total amount of tonnage handled by the Spokane corporation for any or all of its other members in any year or at all. In other words, so far as this record advises us, we do not know but that the Spokane corporation never handled a single ton of fruit or produce for the Wenatchee corporation, though it may have handled thousands of tons for its other members. From the facts above summarized, the learned trial court concluded as a matter of law:

"The liability (if any) of each of the four members of the Spokane corporation for the debt of the latter, is a several liability for a proportionate part of the debt, less than the whole and is not a joint and several liability for the entire debt.

"There is no issue in this case as to the proportionate liability of any of the defendants for the debt sued on, nor is there any evidence to support a judgment based on proportionate liability."

Let us keep in mind as we proceed, the fact that the Spokane corporation is not a mere voluntary association independent of statute, but that it is a legal corporate entity by force of the statute, apart from the persons, natural or artificial, constituting its membership; as much so as an ordinary stock corporation is a legal entity apart from the persons, natural or artificial, who may be owners of the shares of its capital stock. The Spokane corporation, by its articles of in-

corporation, has assumed powers in substance as authorized by § 3894, Rem. Comp. Stat. [P. C. § 4704], which, in so far as need be here noticed, reads as follows:

"Corporations formed under this chapter shall have power of succession by their corporate name for fifty years, in such name may sue and be sued in any court, may make and use a common seal and alter the same at pleasure, may receive gifts and devises, may purchase, hold and convey real and personal property, as the purposes of the corporation may require, may appoint such subordinate agents or officers as the business may require, may demand assessments of members and sell or forfeit their interests in the corporation for default with respect to any lawful provision of the by-laws, may enter into any lawful contracts and incur obligations essential to the transaction of its affairs for the purpose for which it was formed, . . ."

By the provisions of § 3893, Rem. Comp. Stat. [P. C. § 4703], such a corporation is possessed of power to make by-laws for the government of its affairs, and especially touching the acquisition of members and imposing financial liability upon them, as follows:

"The corporation may by its by-laws provide for . . . the qualifications for membership, on what conditions there may be a succession of membership, the manner in which membership shall cease, the mode and manner of expulsion of a member, the termination of a member's interest in the corporate property upon the cessation of his membership, and whether he shall be remunerated therefor, and if so in what manner, the amount of membership fee, and the dues, installments of labor which each member may be required to pay or perform, if any, the charges which may be made for services rendered or supplies furnished the members of the corporation by it, the manner of collection or enforcement of membership fees, dues or charges,

and the method of forfeiting the membership interest for nonpayment or nonperformance, . . ."

Plainly, these statutory provisions do not impose upon a member, or require the imposition upon him by the corporation, of any greater or different financial liability to the corporation incident to his membership beyond what his contract of membership calls for. Now, it is elementary law that a subscription contract for shares of stock in an ordinary corporation renders the subscriber liable to pay to the corporation the amount of his subscription and nothing more, in the absence of statutory or constitutional provisions especially imposing upon him a greater liability flowing from such subscription. Our constitutional provision in § 4, Art. XII, that:

"Each stockholder in all incorporated companies, except corporations organized for banking or insurance purposes, shall be liable for the debts of the corporation to the amount of his unpaid stock, and no more, . . ."

is nothing more than declaratory of the substantive common law, excepting as it relates to stockholders in the excepted corporations. The elementary rule is well stated in 7 R. C. L. 377, as follows:

"Independently of an additional liability for the benefit of creditors imposed on stockholders by special charter, general acts of incorporation, or other statutes, a stockholder's liability is governed by his contract of subscription, and does not extend beyond the amount due thereon."

See, also, 14 C. J. 972; 6 Fletcher, Cyc., Law of Corporations, § 4137.

So, after all, ordinary stock subscription liabilities involve nothing more or less than a question of contract. Now, why is this not true with reference to

memberships in non-stock corporations? In other words, why should the liability incident to membership in such a corporation be determined other than by the terms of the contract that creates the membership, there being no statute imposing a different liability than that expressed in the membership contract? We have no such statute. After a statement of this general rule with reference to stock subscription liabilities in Thompson, Corporations, vol. 4 (2d ed.), § 4810, that learned author says:

"It is the general rule also that non-stock corporations have no power to levy assessments upon members in excess of the amount paid or promised, or upon members who have paid all that is required by their contract of membership, or by the constitution or by-laws of the corporation."

These considerations, we think, call for the affirmance of the judgment rendered by the trial court, since it does not appear that the Wenatchee corporation had ever had rendered to it any service by the Spokane corporation which the former has not fully paid for according to the terms of its membership contract in that corporation. It appears, in so far as the record before us shows, that as this case was ultimately presented to the trial court, no recovery was sought by appellant other than as against the Wenatchee corporation and the members of the Wenatchee corporation. Of course, if that corporation is not itself liable, its members would not be liable to the Spokane corporation. Indeed, it is difficult to see how the members of the Wenatchee corporation could be rendered liable in this action even though the Wenatchee corporation were liable. The other named defendants to this action, who are members of the Spokane corporation, seem never to have been brought into the case, and

therefore no question was decided with reference to their liability to the Spokane corporation so far as can be determined in this record.

The judgment is affirmed.

MAIN, C. J., TOLMAN, HOLCOMB, and MACKINTOSH, JJ., concur.